
RECEIVED
IN MONROE, LA
JUN 2 8 2006
my
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ARGENT FINANCIAL GROUP INC. | CIVIL ACTION NO. 04-2323 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court are a Motion for Partial Summary Judgment [Doc. No. 19] filed by Defendant Fidelity and Deposit Company of Maryland ("Fidelity"), and a Memorandum in Opposition to Motion For Partial Summary Judgment and in Support of Cross-Motion for Summary Judgment ("Motion for Summary Judgment") [Doc. No. 23] filed by Plaintiff Argent Financial Group Inc. ("Argent").

On September 21, 2005, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 35] recommending that Fidelity's and Argent's motions be granted.[1] On October 5, 2005, Argent filed an objection [Doc. No. 36] to the Report and Recommendation. On October 19, 2005, Fidelity also filed an objection [Doc. No. 39]. Both parties filed responses to each other's objections [Doc. Nos. 40 and 42]. On October 28, 2005, Argent filed a reply [Doc. No. 44] to Fidelity's response.

---

[1] While it may appear that granting both parties' motions for summary judgment is inconsistent, Argent's Motion for Summary Judgment raised a separate issue for consideration while serving as both a cross motion for summary judgment and opposition to Fidelity's Motion for Partial Summary Judgment.

1

On December 8, 2005, the Court conducted a telephone status conference with the parties in which they informed the Court that they would attempt to mediate their claims. [Doc. No. 47]. On March 3, 2006, the Court held a second telephone status conference in which the parties informed the Court that mediation efforts were unsuccessful. [Doc. No. 50]. On March 20, 2006, the Court set a trial date in the event the Court declined to adopt Magistrate Judge Hayes' Report and Recommendation. [Doc. No. 51]. After further review of Magistrate Judge Hayes' recommendation, the Court instructed the parties to submit supplemental affidavits to aid the Court. [Doc. No. 52]. The Court is now ready to rule on Magistrate Judge Hayes' recommendation.

For the following reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation.

## I. FACTS AND PROCEDURAL HISTORY

Argent brings this case against Fidelity asking Fidelity to honor its indemnity obligations based on a Directors and Officers Liability Insurance Policy No. DOP 0001235 ("Policy") that Fidelity issued to Argent on November 1, 2000. The Policy, which had a three-year term, obligated Fidelity to indemnify Argent for fees, expenses, and liability relating to claims made against its directors and officers. Between 1999 and 2002, Juanita and James Simpson (collectively the "Simpsons"), Manuel Dugas ("Dugas"), Robert Morrison ("Morrison"), Jeffrey Coody ("Coody"), and Betty A. Landry ("Landry") filed claims against Argent. Each claimant alleged that Robert D. Grimes, a securities broker for Argent, had breached the fiduciary duty owed to him or her.

Argent claims that Fidelity failed to provide the indemnification required by the Policy. Argent seeks attorneys' fees and damages for those claims that have settled and declaratory relief for the unsettled claims filed by the Simpsons and Dugas.

On June 13, 2005, Fidelity filed a Motion for Partial Summary Judgment arguing that it is not obligated on the Simpsons' and Dugas' claims because Argent failed to fulfill a condition precedent to coverage under the Policy when it did not provide timely notice of these claims.

On July 15, 2005, Argent filed a Motion for Summary Judgment arguing that (1) it notified Fidelity in a timely manner of the Simpsons' and Dugas' claims; (2) or, even if it did not provide timely notice, Louisiana law requires Fidelity to demonstrate it was prejudiced in order to defeat coverage; and (3) Fidelity waived its rights under the Policy's notice provision on the Simpsons' claim because it advanced $40,000.00 in defense costs without reserving its rights. Argent also seeks a declaration that the five claims filed against it are not subject to the Policy's Aggregate Limit of Liability ("Aggregate Limit").

On June 13, 2005, and June 22, 2005, Fidelity's and Argent's motions were referred to Magistrate Judge Hayes for Report and Recommendation. On September 21, 2005, Magistrate Judge Hayes issued her Report and Recommendation.

Magistrate Judge Hayes found that Argent did not provide Fidelity with timely notice of the Simpsons' and Dugas' claims, Fidelity was not required to demonstrate prejudice from Argent's untimely notice, and Fidelity did not waive its defense of untimely notice. Magistrate Judge Hayes found that Fidelity is not obligated to provide Argent with defense expenses on the Simpsons' and Dugas' claims and recommended that its Motion for Partial Summary Judgment be granted.

Magistrate Judge Hayes also found that the five claims filed against Argent are not subject to the Policy's Aggregate Limit, and Argent's Motion for Summary Judgment should be granted to the extent it relates to the Policy's Aggregate Limit.

For the reasons stated in Magistrate Judge Hayes' Report and Recommendation, the Court ADOPTS her recommendation to the extent that the five claims filed against Argent are not subject to the Policy's Aggregate Limit. The Court also ADOPTS her recommendation to the extent that Fidelity is not required to demonstrate it was prejudiced in order to defeat coverage, and that Fidelity did not waive its rights under the Policy's notice provision on the Simpsons' claim because it advanced $40,000.00 in defense costs alone. However, for the reasons discussed below, the Court DECLINES TO ADOPT Magistrate Judge Hayes' recommendation that Argent did not provide timely notice to Fidelity of the Simpsons' and Dugas' claims.

## II. LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, Fidelity and Argent timely filed objections to Magistrate Judge Hayes' Report and Recommendation, thus warranting a *de novo* review by the Court.

Fidelity argues that it is not obligated on the Simpsons' and Dugas' claims [2] because Argent failed to provide notice as soon as practicable. The notice provision states in pertinent part:

> The Company or the Directors and Officers shall, as a condition precedent to their rights

---

[2]The Policy defines a claim as "a civil proceeding commenced by the service of a complaint or similar proceeding; or . . . a formal administrative or regulatory proceeding commenced by the filing of a notice of charges or similar pleading." [Doc. No. 19, Exh. 1].

4

under this policy, give to the Insurer notice in writing of any Claim *as soon as practicable*, but in any event no more than thirty (30) days after the date of termination of the Policy Period, and give the Insurer such information and cooperation as it may reasonably require.

[Doc. No. 19, Exh. 1] (emphasis added).

Fidelity also contends that it is not obligated on the Simpsons' and Dugas' claims because Argent notified Fidelity's agent, Lincoln Agency, instead of directly notifying it. The Policy provides that, "all notices required to be given to the Insurer shall be addressed to: Fidelity and Deposit Companies, Financial Institution Claim Services Unit, 3910 Keswick Road., 5th Flr. (21211), P.O. Box 17022, Baltimore, MD 21297-1022." [Doc. No. 19, Exh. 1].

The words "as soon as practicable" are often vague and not easily defined. However, the words should be construed as requiring notice "within a reasonable time under all the circumstances." *Young v. Travelers Ins. Co.*, 119 F.2d 877, 880 (5th Cir. 1941). In *Young*, the Fifth Circuit explained this standard as the following:

> The time words in the clause, 'as soon as practicable' are not words of precise and definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases. They do not in terms require immediate notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice 'as soon as possible.' In terms, they require notice 'as soon as practicable' and they must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause.

*Id.*

### A. The Morrison, Coody, and Landry Claims

#### 1. Morrison's Claim

On December 29, 2000, Argent was notified via facsimile that Morrison had retained

5

counsel concerning possible investment losses. On January 23, 2001, Morrison filed a claim for arbitration. Fidelity received notice of Morrison's claim on February 15, 2001, in a letter sent from Lincoln Agency. On April 17, 2001, Fidelity sent a letter to Argent acknowledging receipt of Morrison's claim from Lincoln Agency. Fidelity did not object to Argent giving notice of Morrison's claim to Lincoln Agency.

### 2. Coody's Claim

On September 14, 2001, Coody filed a claim for arbitration. On September 20, 2001, Argent gave notice to Lincoln Agency of Coody's claim. On September 26, 2001, Fidelity sent a letter to Argent acknowledging receipt of Coody's claim from Lincoln Agency. Fidelity did not object to Argent giving notice of Coody's claim to Lincoln Agency.

### 3. Landry's Claim

On August 19, 2002, Argent received notice via facsimile that Landry was being represented by an attorney. Argent claims that it immediately notified Lincoln Agency about Landry's claim. Fidelity received notice of Landry's claim on October 11, 2002, in a letter sent from Lincoln Agency. On October 14, 2002, Fidelity sent a letter to Argent acknowledging receipt of Landry's claim from Lincoln Agency. Fidelity did not object to Argent giving notice of Landry's claim to Lincoln Agency.

### B. The Simpsons' Claim

In December of 2000, Argent received a letter from the Simpsons' counsel stating that the Simpsons' were considering pursuing a claim against it, and requesting documents that explained the conversion of the Simpsons' portfolio to individual stocks. On February 8, 2001, Argent sent a response to the Simpsons' counsel referring him to Argent's counsel to further discuss the

potential claim.

On November 1, 2001, Argent was served with notice of a lawsuit filed by the Simpsons. Because James Simpson had signed documents that bound the Simpsons to arbitration, Argent instructed its counsel to commence proceedings to have the lawsuit dismissed and arbitration ordered.

After the Simpsons' lawsuit was filed, but before the state court judge made a decision on the arbitration issue, Randy Graham, a Lincoln Agency representative; Michael Jones, Argent's President; and Wanda Gage ("Gage"), a Fidelity employee, had a telephone conversation in which Gage recommended that Argent wait "until the state court entered a ruling on the arbitration issue before proceeding further." *See* [Doc. No. 58, p. 6].

In March 2002, the state court judge ordered the parties to proceed with arbitration. On April 23, 2002, Argent informed Lincoln Agency via letter that a lawsuit had been filed, but that the state court judge ordered arbitration. On May 7, 2002, Lincoln Agency faxed a copy of Argent's notice along with the original lawsuit directly to Gage. On May 8, 2002, Argent received an acknowledgment of receipt of loss from Robert L. Lawrence, Fidelity's Vice President. [Doc. No. 58, p. 7].

### C. Dugas' Claim

In June of 2002, Dugas wrote the Louisiana Commissioner of Securities Office ("Securities Office") concerning the decline of value in his portfolio. After an investigation, the Securities Office returned a decision of "no action."

On October 16, 2002, Argent notified Lincoln Agency about the claim Dugas filed with the Securities Office. While Fidelity claims it was not notified of Dugas' claim until April 16,

2003, when Argent's counsel transferred Dugas' case file to Fidelity, Fidelity admits that it had knowledge of Dugas' claim on February 10, 2003, when Dugas personally telephoned Fidelity and informed it of his claim. [Doc. No. 59]. Argent's supplemental affidavit also indicates that its billing records show that its counsel spoke with Gage about Dugas' claim in December of 2002. [Doc. No. 58].

C.   **Analysis**

Magistrate Judge Hayes found that Argent did not provide notice of the Simpsons' claim as soon as practicable because it waited approximately six months after the lawsuit was filed and one month after the state court judge entered judgment ordering arbitration before notifying Fidelity. She also found that Argent did not provide notice of Dugas' claim as soon as practicable because it waited approximately ten months after Dugas filed his claim with the Securities Office before notifying Fidelity.

The Court disagrees with Magistrate Judge Hayes' findings. As noted in Magistrate Judge Hayes' Report and Recommendation, "[a]dmittedly, 'as soon as practicable' is a vague standard incapable of 'precise and definite import . . ." [Doc. No. 35, p. 10]. The words "as soon as practicable" must be "construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause." *Young*, 119 F.2d at 880.

The Court concludes that Argent's evidence sufficiently demonstrates that there is a genuine issue of material fact as to whether notice was given to Fidelity of the Simpsons' and Dugas' claims "as soon as practicable" under all the circumstances in this case.

The purpose of the notice clause is to provide notice as soon as practicable to allow

Fidelity a meaningful opportunity to defend. While Fidelity argues that it did not receive written notice of the Simpsons' claim until May 7, 2002, and Dugas' claim until April 16, 2003, Fidelity was aware of both these claims before receiving written notice, and apparently participated in the management of the claims.

Argent's supplemental affidavit by Michael Jones demonstrates that Fidelity had notice of the Simpsons' claim prior to March of 2002. In fact, Gage instructed Argent's counsel to wait until the state court judge made a decision on whether the Simpsons' claim should be arbitrated before proceeding further. [Doc. No. 58].

Even though Fidelity claims it was not notified of Dugas' claim until April 16, 2003, when Argent's counsel transferred the Dugas case file to Fidelity, Argent contends that it informed Gage about Dugas' claim some time at the end of 2002 or beginning of 2003, well before arbitration. [Doc. No. 58]. Fidelity also admits having knowledge of Dugas' claim on February 10, 2003, when Dugas personally telephoned Fidelity and informed it about his potential claim. [Doc. No. 59]. Argent's supplemental affidavit also indicates that its billing records show that its counsel spoke with Gage about Dugas' claim in December of 2002. [Doc. No. 58].

Looking at all the facts and circumstances of this case, the Court finds that a genuine issue of material fact exists as to whether Fidelity had notice that allowed it a meaningful opportunity to defend the claim. Fidelity apparently actively participated in managing the outcome of the Simpson's claim and knew about the Dugas' claim in December of 2002, when Argent's counsel spoke to Gage about the claim. In addition, Argent had no reason to believe that the notices it provided to Lincoln Agency were inadequate because Fidelity had not objected

9

to the manner in which it received notice of the Morrison, Coody, or Landry claims. *See Ingalls Shipbuilding v. Federal Insurance Co.*, 410 F.3d 214, 226-27 (5th Cir. 2005) (delay of providing notice four and one-half months was not unreasonable where the policy language provided notice as soon as practicable, insurer was aware of the suit, and insurer actively participated in the settlement proceedings as counsel). Therefore, Fidelity's Motion for Partial Summary Judgment is DENIED.

## III. CONCLUSION

Based on the foregoing, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 35].

The Court ADOPTS the Magistrate Judge's recommendation that Fidelity is not required to demonstrate it was prejudiced in order to defeat coverage and that Fidelity did not waive its rights under the Policy's notice provision on the Simpsons' claim despite advancing $40,000.00 in defense costs.

The Court also ADOPTS the Magistrate Judge's recommendation that the five claims filed against Argent are not subject to the Policy's Aggregate Limit.

To the extent that Argent did not provide notice "as soon as practicable", the Court DECLINES TO ADOPT the Magistrate Judge's recommendation that Fidelity's Motion for Partial Summary Judgment should be granted, and it is DENIED.

MONROE, LOUISIANA, this 28 day of June, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE